UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NELSON ZANE WESTMORELAND | CIVIL ACTION |
| v. | NO. 17-6220 |
| VENICE MARINE AND<br>OUTDOOR CONSULTANTS, INC., ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion for judgment
pursuant to Rule 54(b). For the reasons that follow, the motion
is DENIED.

**Background**

This case arises from a broken ankle suffered by the plaintiff
when he jumped off the bow of a boat onto a slick dock four feet
below after an overnight recreational fishing trip.

On June 27, 2017, Nelson Zane Westmoreland sued Blake Rigby,
Triple Tail Charters, and Deep Delta Houseboats, L.L.C., d/b/a
Venice Marina,[1] alleging that Captain Rigby's negligence in failing
to provide a safe means of egress and the marina's unsafe condition
caused his severe ankle surgery in violation of state and maritime

_____

[1] The plaintiff initially named Venice Marine and Outdoor
Consulting, but he dismissed this party and added Deep Delta
Houseboats in an amended complaint.

1

law.  The governing scheduling order sets June 4, 2018 as the jury
trial date.  On May 2, 2018, the Court granted Captain Blake
Rigby's motion for summary relief, dismissing the plaintiff's
negligence claim against Rigby.[2]  That same day, the plaintiff
filed a notice of appeal with the U.S. Court of Appeal for the
Fifth Circuit and also moved this Court to continue the upcoming
trial to allow time for the Fifth Circuit to rule on the appeal.
This Court denied the plaintiff's motion to continue the trial,
directing the plaintiff to consult Rule 54(b).  Invoking Rule
54(b), the plaintiff now moves to certify as a final judgment the
Court's May 2, 2018 ruling so that the plaintiff may pursue his
appeal.

I.

Rule 54(b) offers an exception to the general rule that a
final judgment is appealable only after the rights and liabilities
of all parties to a proceeding have been adjudicated:

> **(b) Judgment on Multiple Claims or Involving Multiple
> Parties.**  When an action presents more than one claim
> for relief...or when multiple parties are involved, the
> court may direct entry of a final judgment as to one or
> more, but fewer than all, claims or parties only if the
> court expressly determines that there is no just reason
> for delay.

---

[2] The Court assumes familiarity with the May 2 Order and Reasons.

Fed. R. Civ. P. 54(b).  The Rule "reflects a balancing of two policies:  avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'"  Eldredge v. Martin Marietta Corp., 207 F.3d 737, 740 (5th Cir. 2000)(citing PYCA Indus. v. Harrison County Waste Water Management Dist., 81 F.3d 1412, 1421 (5th Cir. 1996)).  The district court's discretion is to be exercised sparingly in order to "'preserve[] the historic federal policy against piecemeal appeals.'"  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)(citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)).

The plaintiff urges the Court to certify as a final judgment its May 2 ruling dismissing the plaintiff's claim against Captain Rigby because (1) the order resolves all claims against Captain Rigby; (2) delay could cause duplicative and expensive trial costs to the remaining defendant and the plaintiff if there is a second trial; (3) the plaintiff needs to file an amended complaint or separate lawsuit against the vessel owner; and (4) there is a possibility of a global settlement.  None of these proffered reasons persuades the Court to certify the May 2 ruling as a final appealable judgment.

To direct the entry of a final judgment solely as to the plaintiff's claim against Captain Rigby, the Court must first determine whether it is confronted with a final judgment, Curtiss-Wright Corp., 446 U.S. at 7; here, there is no dispute that dismissing the plaintiff's negligence claim against Captain Rigby is an ultimate disposition on a claim as to an individual defendant; it meets the final judgment test. Next, the Court must make an express determination that "there is no just reason for delay[,]" which is informed by considering sound judicial administration and the equities. From a judicial administrative standpoint, certification here would contravene the historic federal policy against piecemeal appeals.[3] And for no good reason. This is a simple single-incident, single-plaintiff personal injury case. The plaintiff's claims against each defendant arise from a singular incident: if the Court allowed the plaintiff to first appeal this Court's ruling as to Captain Rigby's negligence, the appellate court, perhaps a different panel, later would have to confront the same set of facts again, if a successive appeal was taken from any eventual trial on the merits. It is also noteworthy that the "delay" to seek appellate resolution of the adjudicated claim against Captain Rigby is negligible, given that the jury

---

[3] The plaintiff focuses, wrongly, on the potential for a second trial.

trial on Westmoreland's remaining claims is scheduled for June 4, less than one month away.

As to the equities, the plaintiff identifies no danger of hardship or injustice (such as the potential that he will be unable to collect on a judgment due to insolvency of a defendant) that alchemizes this case into one triggering the exceptional treatment of certification, rather than the general rule of finality as to all claims and parties as a prerequisite to appeal. What the plaintiff identifies are features common to all litigation involving multiple parties and claims; he offers no danger of injustice that would be alleviated by an immediate appeal. To accept the plaintiff's proffered grounds as justification for certification would risk the exception swallowing the rule.

That the plaintiff's request is unopposed does not obviate Rule 54(b)'s requirement that the Court expressly certify that there is no just reason for delay. There is simply nothing exceptional about the circumstances of this case warranting exceptional treatment. If the Court granted certification and stayed the remaining claims pending appeal, it would be doing so merely as a courtesy to counsel, who suggests only that a second trial would be burdensome, that he may now want to add the vessel owner as a defendant, and that all parties are still considering

settlement. All routine considerations. But a certification determination must be made more searchingly, and sparingly. To be sure, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." PYCA Indus. v. Harrison County Waste Water Management Dist., 81 F.3d 1412, 1421 (5th Cir. 1996)(citation omitted).

The plaintiff has identified no danger of hardship or injustice that would be alleviated by an immediate piecemeal appeal, rather than waiting one month until all claims among all parties have been adjudicated. Accordingly, the plaintiff's motion for Rule 54(b) judgment is hereby DENIED.

New Orleans, Louisiana, May 8, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE